Hall, Judge
 

 It. is much to be regretted, that a more particular rule of conduct has not, by the law, becn 'pre*
 
 *49
 
 scribed to Sheriffs, in sales of landed property under execution. A difficulty exists in this country, (which the law has not provided for,) from the circumstance that most of the lands are uncultivated, and covered with wood, and on that account their boundaries are more difficult to be ascertained; and it has not been made the duty of Sheriffs to set forth their boundaries in their advertisements, or to make them known, particularly, on the day of sale. They have not been required to ascertain, and set them forth, in-any better way than they aré enabled to do from common report, and from the common channels of information, through which people generally acquire a knowledge of them.
 

 The practice has been, to put up the land for sale, by a general description of it; as the land on which the defendant lives, or his lands lying on such a water course, or, as known by such a name.
 

 It has not been made the Sheriff’s duty to ascertain and make known the title; whether it be held under one or more grants, dr deedsor from whom the defendant purchased it.
 

 I believe it is not usual to sell at once, two unadjoin-ing tracts, nór do I know that it is forbidden in express terms. It is surely the Sheriff’s duty to sell in that way that will likely be most beneficial for both parties. I mean in that way that will produce the most money.
 

 In the present case, the lands were adjacent to each other, but were held under different titles, and did not lie adjoining to each other, but tlieir boundaries were not far apart. It did not appear that this fact was known, either to the Sheriff or to the purchaser. It was woodland that separated them. Twitty, with the exception of his Son’s possesion, was possessed of, and claimed title to, all the lands, and told the Sheriff that he had 1050 acres in that part of the county.
 

 It seems that all the lands, when sold, did not produce as much money as the execution called for $ and if
 
 the
 
 
 *50
 
 lands 'had been sold in separate lots, one probably, would not have sold for more than both together brought, when sold together.
 

 The question of fraud had been fairly left to the Jury; they have been directed to' find for the Defendant, if
 
 there
 
 was fraud practised, either by the Sheriff or purchaser. Of course, no enquiry is to be made of that, at this time.
 

 Another circumstance may be here noticed, and that is, why did not the Defendant object to the sale, at the return of the execution; there would have been less difficulty then in setting aside the sale, if it had been made with loss to the Defendant, on account of any misunderstanding, either of title or location. But the purchase money was suffered to be paid, and there has been an acquiescence under the sale, until the bringing of this action.— The Sheriff was not to blame for not selling the personal property first; the negroes were kept back by the Defendant himself; he, therefore, ought not to complain on that account.
 

 Without, therefore, adopting'rules for the government of Sheriff’s; which have not been prescribed and enforced heretofore, and from a view of the whole case, and circumstances attending it, I am oí opinion, that the rule for a new trial, should be discharged.
 

 The rest of the Court concurred.